1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
Daniel Portugal,                         2:08-cv-02226-SRT (PC)
12
            Plaintiff,                    **ORDER DENYING REQUEST FOR
13                                        TEMPORARY RESTRAINING
                                          ORDER**
   v.
14
   T. Felker, et. al.,
15
            Defendants.
16
_____/
17
        Plaintiff, a state prisoner proceeding *pro se*, filed a request for a temporary restraining order
18
on September 22, 2008 against the Warden and custody staff of the High Desert State Prison
19
("HDSP").  Plaintiff alleges that unspecified custody staff have threatened his physical safety.  He also
20
alleges that the Warden has opened his legal mail outside his presence in violation of his constitutional
21
rights.  Plaintiff also appears to challenge his transfer to High Desert State Prison.
22
        The legal principles applicable to requests for injunctive relief, such as a temporary restraining
23
order, are well established.  To prevail, the moving party must show either a likelihood of success on
24
the merits of the underlying controversy and the possibility of irreparable injury, or that serious
25
questions are raised and the balance of hardships tips sharply in the movant's favor.  *See Coalition for
26
Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997); *Oakland Tribune, Inc. v. Chronicle
27
Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a
28

1   sliding scale with the focal point being the degree of irreparable injury shown.  *See Oakland Tribune*,

2   762 F.2d at 1376.  Under any formulation of test, however, the moving party must demonstrate that

3   there exists a significant threat of irreparable injury.  *See id.*  In the absence of a significant showing

4   of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.

5   *See id.*  The loss of money, or an injury whose measure of damages can be calculated in terms of

6   money, will not be considered irreparable.  *See id.* at 1334-35.

7          Plaintiff's request fails under these standards because Plaintiff has not made a showing of a

8   significant threat of "irreparable injury."   Plaintiff's claims regarding his treatment by custody staff

9   are general and conclusory and do not refer to specific incidents by date or specific parties involved.

10  In addition, Plaintiff does not specify any threat of irreparable harm in conjunction with his claim that

11  his legal mail was opened outside his presence.  Furthermore, Plaintiff has not complied with Local

12  Rules of this Court requiring documents to be filed in conjunction with a request for a Restraining

13  Order.  *See, e.g.*, Local Rule 65-231(c) (concerning documents required to be provided to the Court),

14  especially Local Rules 65-231(c)(4) (requiring "an affidavit in support of the existence of an

15  irreparable injury").

16         The Court notes that the Federal Rules of Civil Procedure require that complaints, including

17  complaints brought under 42 U.S.C. § 1983, contain "a short and plain statement of the claim

18  showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The complaint must give the

19  defendant fair notice of the plaintiff's claim and the grounds on which it rests.  *Kimes v. Stone*, 84

20  F.3d 1121, 1129 (9th Cir. 1996).  The plaintiff must allege with at least some degree of particularity

21  overt acts by specific defendants which support the claims. *See Jones v. Cmty Dev. Agency of City of*

22  *Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

23  IT IS ORDERED:

24         The request for a temporary restraining order (Doc. # 1) is DENIED without prejudice.

25  DATED: January 9, 2009

26                                             ____/s/ Sidney R. Thomas_____

27                                             Sidney R. Thomas, United States Circuit Judge

28                                             Sitting By Designation